NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURO ROMERO,

Defendant - Appellant.

No. 23-2237

D.C. No.
2:21-cr-00285-SVW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 16, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[***]

Mauro Romero (Romero) appeals his 63-month sentence for possession with

intent to distribute and distribution of over 50 grams of methamphetamine.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

"Appellate review is to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

**1.** Romero did not object to his sentence in the district court, but now argues that the judge plainly erred by failing to address his argument regarding the methamphetamine purity sentencing disparity. *See United States v. Kabir*, 51 F.4th 820, 828 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 838 (2023) (noting that where a party fails to raise a procedural objection before the district court, plain error review applies). However, the record indicates that the judge considered the methamphetamine purity arguments and simply declined to adopt Romero's position. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (recognizing that a district court does not commit procedural error when it recognizes its discretion to vary from the sentencing guidelines, but chooses not to do so).

Romero also argued in the district court for a downward variance based on the methamphetamine purity sentencing disparity. The judge was aware of his discretion to grant a downward variance—he did so when imposing the initial sentence. *See id*. The judge acknowledged Romero's "arguments about purity,"

but considered them outweighed by the "huge amount of drugs" trafficked by the defendant. Under our precedent, if the "context and the record reflect that the sentencing judge considered the defendant's substantive arguments and offered a reasoned basis for his or her decision, a judge need not provide a lengthy explanation for his or her sentencing decision." *United States v. Wright*, 46 F.4th 938, 950 (9th Cir. 2022), *as amended* (citation and internal quotation marks omitted). The record of the sentencing proceedings and the context convey that the judge adequately considered Romero's argument and adequately explained his decision. *See id.* Therefore, no procedural error has occurred.

**2.** Romero argues that the 63-month sentence was substantively unreasonable because the judge did not sufficiently account for Romero's impressive rehabilitation and placed too much weight on aggravating factors already accounted for in the Sentencing Guidelines. We review sentencing decisions for an abuse of discretion. *See Carty*, 520 F.3d at 993. "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc), *as amended* (citation and internal quotation marks omitted). "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a). . . ." *Id.* (citation and internal quotation marks omitted).

Both parties agreed at the resentencing hearing that the Sentencing Guidelines recommended a range of 51-63 months imprisonment. Romero's sentence is within this range and is not substantively unreasonable. *See United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021) (per curiam) (noting that "[a]lthough we do not automatically presume reasonableness for a within-Guidelines sentence, in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.") (citation omitted). The sentencing judge discussed the totality of the circumstances, including Romero's rehabilitation, and found that nonetheless, other aggravating factors, including Romero's repeated criminal activity, the seriousness of the offense, and the necessity of Romero's role in the illegal transaction, weighed against imposing a lesser sentence. *See id*. (concluding that the sentencing judge did not err when he considered aggravating circumstances that were already "fully accounted for by the Guidelines calculations"). Thus, the sentencing judge did not abuse his discretion in sentencing Romero. *See id*. at 979.

**AFFIRMED.**